UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHARLES WALLACE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-00162 SEP |
| | ) | |
| UNKNOWN SCROGGINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Charles Wallace Bell's Motion for Leave to Proceed *In Forma Pauperis*. Doc. 2. Having reviewed the Motion and the financial information submitted in support, the Court will grant the Motion and waive the initial partial filing fee in this matter. *See* 28 U.S.C. § 1915(b)(4). Upon review pursuant to 28 U.S.C. § 1915(e)(2), the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

### INITIAL PARTIAL FILING FEE

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* must pay the full amount of the filing fee. If he has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in his account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is incarcerated at the Cape Girardeau County Jail. Doc. 1 at 2. He filed a handwritten 'Motion and Affidavit in Support of Request to Proceed as a Poor Person,' indicating that he has no income or assets. Doc. 2. In a November 18, 2021, letter, Plaintiff stated that he has been unable to obtain a six-month inmate account statement from the Cape Girardeau County Jail, despite requesting one. Doc. 3. Based on the information provided, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4).

1

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  That means that, if the essence of an allegation is discernible, the district court construes the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  But even self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.  The court must assume the veracity of well-pled facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## THE COMPLAINT[1]

Plaintiff, a pretrial detainee at the Cape Girardeau County Jail, brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against three correctional officers: (1) Unknown Scroggins; (2) Unknown Baliva; and (3) C. Brown, in their individual and official capacities.  Doc. 1 at 2-3.

---

[1] For the purpose of this Motion, the Court assumes that the factual allegations in the Third Amended Complaint are true.  *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

Plaintiff asserts that Defendants read and destroyed his legal mail and then threatened him with violence when he filed a grievance about it. *Id.* at 3. Plaintiff complains about three specific incidents. *Id.* at 5. He attached handwritten exhibits to his Complaint that purport to be copies of grievance correspondence with the Jail concerning the actions of Defendants.[2] *Id.* at 13-18. The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c).

First, on October 12, 2021, Defendant Scroggins "opened and printed" Plaintiff's confidential legal mail without Plaintiff being present. Plaintiff claims that Scroggins "opened and printed" his mail before Plaintiff confirmed that "all the documents were removed from the original packaging, printed correctly and that CO Scroggins did not read or potentially sabotage this mail." *Id.* at 13. Plaintiff admits that Scroggins did ask him if everything was copied correctly and Plaintiff replied that they were "printed clearly and [were] readable," but he notes that he did not confirm that they were copied correctly. *Id.*

Second, two days later, on October 14, 2021, Defendant Brown destroyed Plaintiff's legal mail before Plaintiff could examine it. *Id.* at 5. Per Plaintiff's grievance, Brown destroyed a document "before [Plaintiff] was able to examine the copied one for defects." *Id.* at 14.

Finally, on an unspecified date in October 2021, Defendant Baliva threatened Plaintiff with physical violence because Plaintiff had filed a grievance over his legal mail being destroyed. A fellow inmate witnessed the threat. *Id.* at 5.

Plaintiff claims that Defendants acts have caused him "mental distress, financial difficulties, and ha[ve] jeopardized [his] future and freedom." *Id.* For relief, Plaintiff seeks money damages from Defendants so that Plaintiff can "pay an attorney to fix [Defendant's] mistakes" and pay for "counseling for mental distress." *Id.*

## DISCUSSION

Based on a careful review and liberal construction of the allegations of the Complaint, the Court finds that this case is subject to dismissal for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's speculative claims against Defendants Scroggins and Baliva of disruption to his legal mail, fail to state a First Amendment violation. Furthermore, Plaintiff's claim that Defendant Brown threatened him once with violence in

---

[2] Plaintiff filed a letter in December 2021, which he requested be added as an exhibit to his complaint. *See* Doc. 5 at 2. The letter is addressed to the Cape Girardeau County Jail Administrator, whom it warns that Jail inmates should not have access to local news coverage on Jail televisions. *Id.* at 1. The Court has reviewed that exhibit, but it is irrelevant to the allegations of the Complaint.

retaliation for filing a grievance, is insufficient to rise to the level of an invasion of an identified liberty interest.  As such, this case will be dismissed.

I.      **First Amendment Claims against Defendants Scroggins and Baliva**

Plaintiff's claims arise under the First Amendment, which guarantees inmates the right to send and receive mail.  *Turner v. Safely,* 482 U.S. 78, 89 (1987), *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998).  Taking Plaintiff's factual allegations as true, they establish only that Scroggins and Baliva opened Plaintiff's mail before giving it to him.  Plaintiff claims Scroggins *could have* sabotaged his mail or provided incorrect copies; he does not allege that those things actually happened.  Plaintiff alleges that Defendant Baliva destroyed a document before Plaintiff examined the copies for defects.  In other words, Plaintiff alleges that that something *might have* been missing from copies he received because he did not examine all originals to confirm that the copies were not defective.  Such allegations are entirely speculative and do not nudge Plaintiff's claims across the line from conceivable to plausible.

To the extent that Plaintiff's claims could be construed as alleging a denial of access to the courts because his "legal" mail was disrupted, the allegations still fail to state a valid claim for relief.  Under the First Amendment, the freedom to petition the government for redress of grievances includes the right of access to courts.  *BE & K Constr. Co. v. N.L.R.B.*, 536 U.S. 516, 524-25 (2002).  To state a claim premised upon denial of access to the courts, a plaintiff must demonstrate that he suffered an "actual injury."  *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).  The Eighth Circuit has recognized that, when bringing an access-to-courts claim, it is insufficient to merely allege a denial of access to a specific resource, even if the denial is systemic.  *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (citing *Lewis*, 518 U.S. at 353 n.4).  Instead, a plaintiff must plead (and ultimately prove) that the lack of the resource deprived him of some specific opportunity to defend himself, or to advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action.  *Id.*  Speculation that injuries might occur or could have occurred is insufficient.  *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) ("Absent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative.").  Here, Plaintiff only speculates that an injury could have occurred.  His allegations do not establish that he suffered an "actual injury" as required to state a plausible claim premised upon his right of access to the courts.

The Complaint thus fails to state a viable claim for relief against Scroggins or Baliva under the First Amendment.

## II.      Threat-of-Violence Claim against Defendant Brown

The Constitution does not guard against all intrusions on one's peace of mind.  *King v. Olmsted Cnty.*, 117 F.3d 1065, 1067 (8th Cir. 1997).  "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim."  *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name calling usually are not actionable under § 1983.").  In other words, fear or emotional injury resulting "solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest."  *King*, 117 F.3d at 1067 (citations omitted).  To determine whether a constitutional line has been crossed by a verbal threat, making it redressable under § 1983, a court looks to whether it "caused severe injuries, was grossly disproportionate to the need for action under the circumstances and was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience."  *Turner v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015) (quoting *Hopson*, 961 F.2d at 1378 (quotation marks omitted)).

Here, Plaintiff alleges that Defendant Brown threatened him once with physical violence because Plaintiff had filed a grievance complaining that other correctional officers had disrupted his receipt of mail.  There is no allegation that the threat caused severe injury to Plaintiff or was inspired by malice.  There is likewise no indication that any violence ever actually occurred.  Thus, Plaintiff's allegations against Brown are insufficient to state a constitutional violation.  *See Turner*, 784 F.3d at 492 (finding a one-time, one-sentence threat did not amount to a constitutional violation where the isolated threat resulted in no injury).

### CONCLUSION

The Court concludes that Plaintiff's Complaint must be dismissed because it fails to state a claim upon which relief may be granted.  Plaintiff is clear about the claims he wishes to bring, and it is apparent that the problems with the Complaint would not be cured by permitting Plaintiff to file an amended pleading.  Plaintiff's Complaint will therefore be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. [2]) is **GRANTED**.  Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint.  Plaintiff's claims against Defendants are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of February, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE